FILED

2008 Jun-10  PM 02:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| PAULA DEASON, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **CASE NO. 2:07-CV-1761-RDP** |
| | } | |
| PROTECTIVE LIFE INSURANCE | } | |
| COMPANY, | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION

Before the court is Defendant's Motion for Summary Judgment (Doc. # 9), filed on April 17,

2008.  Plaintiff has not responded to Defendant's motion, disregarding the court's instructions to the

contrary.  As a result of Plaintiff's failure to respond with either legal citations or evidence, the

record on summary judgment consists solely of Defendant's submissions.  However, Federal Rule

of Civil Procedure 56(e)(2) allows the court to enter summary judgment only "if appropriate."  As

a result, "summary judgment, even when unopposed, can only be entered when 'appropriate.'"

*United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363

F.3d 1099, 1101 (11th Cir. 2004).  It is impermissible for the court to "base the entry of summary

judgment on the mere fact that the motion was unopposed, but, rather, [the court] must consider the

merits of the motion."  *Id.*  To determine if summary judgment is appropriate, the Eleventh Circuit

has discussed what evidence the court must consider:

> [t]he district court need not *sua sponte* review all of the evidentiary materials on file
> at the time the motion is granted, but must ensure that the motion itself is supported
> by evidentiary materials. At the least, the district court must review all of the
> evidentiary materials submitted in support of the motion for summary judgment.

*Id.* at 1101-02.  Accordingly, the court will proceed to examine the facts as presented by Defendant

but will apply independent judgment as to whether these facts are sufficient to support Defendant's

motion.

## I.      STATEMENT OF ISSUES

Plaintiff claims that Defendant violated her rights under the Employee Retirement Income

Security Act ("ERISA").   Defendant denies that it has violated Plaintiff's rights under ERISA;

however, the motion currently pending before the court does not raise all of Defendant's defenses.

Because Defendant's motion for summary judgment is based on narrow procedural grounds, it is not

necessary to examine the full scope of Plaintiff's claims.  Defendant's motion raises only two issues:

(1) whether Plaintiff has exhausted her administrative remedies, and (2) whether Plaintiff's claims

are contractually time-barred.

## II.     STATEMENT OF UNDISPUTED FACTS

The parties agree that Plaintiff's claims arise under ERISA.  Plaintiff participated in the

Protective disability benefits plan through her employer, Eastern Health System, Inc.  (Doc. # 10-12,

Affidavit of Mary Knutsen ¶ 4).  Disability Reinsurance Management Services, Inc. ("DRMS") was

the third-party administrator for the plan.  (Knutsen Aff. ¶ 2).  Plaintiff filed a claim for disability

benefits under the Protective plan and received benefits for some time.  (*Id*. ¶ 6).  On October 5,

2001, DRMS sent Plaintiff a letter which stated that she would no longer receive benefits under the

plan.  (*Id*. ¶ 7; Doc. # 10-12, Ex. A).  The letter stated that Plaintiff had sixty days to appeal the

determination that she was no longer entitled to benefits.  (Doc. # 10-12, Ex. A).  Plaintiff did not

appeal.  (Knutsen Aff. ¶ 8).

The disability policy applicable to Plaintiff states that "[y]ou or your claimant's authorized

representative cannot start any legal action: (1) until 60 days after proof of claim has been given; nor

[*sic*] (2) more than 3 years after the time proof of claim is required." (Doc. # 10-2, DRMS 00030).

Plaintiff filed this lawsuit on July 5, 2007. (Doc. # 1, ¶ 1).

**III.    SUMMARY JUDGMENT STANDARD**

A party is entitled to summary judgment when it can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)

(en banc)).  If the moving party bears the burden of proof at trial, then it can only meet its initial

burden on summary judgment by coming forward with positive evidence demonstrating the absence

of a genuine issue of material fact; *i.e.*, facts that would entitle it to a directed verdict if not

controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115.  Once the moving party makes such a showing,

the burden shifts to the non-moving party to produce significant, probative evidence demonstrating

a genuine issue for trial.

     If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden

on summary judgment in either of two ways.  First, the moving party may produce affirmative

evidence negating a material fact, thus demonstrating that the non-moving party will be unable to

prove its case at trial.  Once the moving party satisfies its burden using this method, the non-moving

party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

     The second method by which the moving party who does not bear the burden of proof at trial

can satisfy its initial burden on summary judgment is to affirmatively show the absence of evidence

in the record to support a judgment for the non-moving party on the issue in question.  This method

requires more than a simple statement that the non-moving party cannot meet its burden at trial but

does not require evidence negating the non-movant's claim; it simply requires that the movant point

out to the district court that there is an absence of evidence to support the non-moving party's case.

*See Fitzpatrick*, 2 F.3d at 1115-16.  If the movant meets its initial burden by using this second

method, the non-moving party may either point out to the court record evidence, overlooked or

ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come

forward with additional evidence sufficient to withstand a directed verdict motion at trial based on

the alleged evidentiary deficiency.  However, when responding, the non-movant can no longer rest

on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## IV.    ANALYSIS

As discussed above, Defendant raises two issues in its motion for summary judgment. The issues are distinct and the court will analyze them in turn.

### 1.    Plaintiff Failed to Exhaust Her Administrative Remedies

Defendant contends that Plaintiff failed to exhaust her administrative remedies by failing to appeal the determination that she was no longer entitled to benefits. Plaintiff has presented no evidence that she filed an appeal of any sort; therefore, the question to be determined is whether Plaintiff's failure to exhaust her administrative remedies is fatal to her claim.

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (quoting *Counts v. Amer. Gen. Life & Accident Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997)). This court may only excuse Plaintiff's failure to exhaust her administrative remedies if she qualifies for one of the "exceptional circumstances": (1) "resort to administrative remedies would be futile or the remedy inadequate;" or (2) "a claimant is denied meaningful access to the administrative review scheme in place."[1] *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (citations and quotations omitted).

The evidence in the Rule 56 record shows that neither of the exceptions to the exhaustion requirement apply here. The letter sent to Plaintiff clearly shows that an administrative appeal was

---

[1]The court has discretion to excuse Plaintiff's failure to exhaust her administrative remedies only if she meets one of these two exceptional circumstances. *See Bickley*, 461 F.3d at 1328. This decision is "highly discretionary." *Id.* (citations omitted).

available to her.  There is nothing to suggest that such an administrative appeal would have been

futile.  Likewise, the court cannot say that the appeal would not have given Plaintiff the exact remedy

she now seeks– the restoration of her benefits.  From this record, the only possible conclusion is that

this is not a case involving "exceptional circumstances."  As a result, the court finds Plaintiff's

failure to exhaust her administrative remedies bars her claim for ERISA benefits.[2]

## 2.    Plaintiff's Claims Are Contractually Time-barred

Defendant also contends that Plaintiff's action is barred by the time limitations contained in

the disability policy.  Because "ERISA does not provide a statute of limitations for suits brought

under § 502(a)(1)(B) to recover benefits," the court looks first to see if the parties have contractually

agreed upon a limitations period.  *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit*

*Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998).  If so, the court will apply that period if it is reasonable.

*Id.*  If the parties have not agreed to a limitations period, the court borrows "the most closely

analogous state limitations period." *Id.*

The policy at issue contains a limitations period of three years from the time proof of claim

is required from Plaintiff.  (Doc. # 10-2, DRMS 00030).  Proof of claim is required to be given no

later than ninety days after the expiration of the "elimination period."  (*Id.*)  For Plaintiff's claim, the

---

[2]The exhaustion ground is sufficient to warrant the dismissal of Plaintiff's action, but the court
will consider Defendant's alternative argument for the sake of thoroughness.  Furthermore, out of
an abundance of concern, the court recognizes that Plaintiff may have evidence not in the Rule 56
record that shows that she exhausted her administrative remedies or that one of the exceptional
circumstances applies.  In that unlikely event, the court notes that the limitations period begins to
run upon the exhaustion of Plaintiff's administrative remedies, which would have had to have
occurred no later than 60 days after Plaintiff received noticed that her claim had been denied.  *See
Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1304 (11th
Cir. 1998) (stating that "[t]he 90-day limitations period in this case did not begin to run until the last
stage of [the] administrative review process").

elimination period was ninety days, meaning that she was not eligible for benefits until ninety days after the onset of her disability.  (*Id*. at DRMS 00034).  She claimed a disability date of April 6, 1999.  (*Id*.)  As a result, she was required to give proof of claim on September 3, 1999, 180 days after the onset of her disability.  According to the policy language, Plaintiff was required to file suit no later than September 3, 2002; however, the record shows that DRMS did not deny Plaintiff's benefit claim until October 5, 2001.  The fact that DRMS took more than two-thirds of Plaintiff's limitation period to determine that her claim was due to be denied is a troubling fact.

Defendant, however, concedes in its motion that the contractual limitations period tolled until DRMS notified Plaintiff on October 5, 2001 that her claim for benefits was denied.  (Doc. # 9 at 9). Defendant's concession is consistent with how courts have tolled contractual limitations periods in other ERISA cases.  *See Northlake Reg'l*, 160 F.3d at 1304 (tolling the limitations period until after the plaintiff exhausted the administrative remedies); *see also Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 876-78 (7th Cir. 1997) (Posner, J.) (commending the application of the doctrine of equitable estoppel to contractual limitation periods where the defendant's conduct denies the plaintiff the full benefit of the limitations period).  Even using this later date, the contractual limitation period expired in October 2004, almost three years before Plaintiff filed this action.

It is clear that Plaintiff's claim falls outside the contractual limitations period. The only issue to be determined is whether the three-year limitation period is reasonable.  The court concludes that it is.  The Eleventh Circuit held that a ninety-day limitation period is reasonable in *Northlake Regional*.  160 F.3d at 1304.  The court relied on three facts in reaching that conclusion: (1) the limitations was not a "subterfuge to prevent lawsuits;" (2) the period was consistent with other

limitations in the plan; and (3) no factual discovery was necessary because the Trustee's decision is reviewed for only abuse of discretion. *Id.* In comparing *Northlake Regional* to this case, the first obvious point of comparison is that a three-year period is more than twelve times longer than a ninety-day period. This fact alone strongly suggests that the period is reasonable. Furthermore, like in *Northlake Regional*, there is no indication that the limitations period is a trap or trick that is aimed at preventing meaningful review of DRMS's decision in the courts. Also, the limitations period is substantially longer than other periods contained in the policy. For example, DRMS has only sixty days to rule on a claimant's application before the claimant is allowed to file suit. (DRMS 00030). Finally, had Plaintiff exhausted her administrative remedies,[3] this court would review DRMS's decision for only abuse of discretion. Accordingly, under the *Northlake Regional* rubric, the three-year limitations period is reasonable.

Finally, other courts have found three-year contractual limitations periods to be reasonable. *See Hembree v. Provident Life & Accident Ins. Co.*, 127 F.Supp. 2d 1265, 1269 (N.D. Ga. 2000); *see also Moore v. Berg Enters.*, 201 F.3d 448 (10th Cir. 1999); *Blaske v. UNUM Life Ins. Co. of America*, 131 F.3d 763 (8th Cir. 1997). Analysis of the *Northlake Regional* factors and a review of rulings of other courts convince this court to find that the three-year limitations provision applicable to Plaintiff's claim is reasonable. As a result, Plaintiff's claims are time-barred even if she had exhausted her administrative remedies.

---

[3]The fact that the record does not show that Plaintiff exhausted her administrative remedies does not alter this analysis. The court has undertaken to analyze the operation of the parties' contractual limitations period only out of an abundance of concern to give Plaintiff the benefit of the doubt. If the remedies are not exhausted, there is no reason for the court to reach the limitations analysis because Plaintiff's claims are unripe. If the remedies have been exhausted, Plaintiff's claims are time-barred.

## V.     CONCLUSION

For these reasons, the court finds that Defendant's motion for summary judgment is due to be granted.  A separate order will be entered in accordance with this memorandum opinion.

**DONE** and **ORDERED** this _____10th_____ day of June, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE